55 F.3d 684
 312 U.S.App.D.C. 119
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Wayne C. NUTSCH, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; David R. Hinson,
Administrator, Federal Aviation Administration, Respondents.
 No. 94-1482.
 United States Court of Appeals, District of Columbia Circuit.
 April 25, 1995.
 
 Before: WILLIAMS, HENDERSON, AND TATEL, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition for review was considered on the record from the National Transportation Safety Board and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C. Cir. Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the petition for review from the National Transportation Safety Board's order filed April 28, 1993, be denied for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C. Cir. Rule 41.
 
 ATTACHMENT
 MEMORANDUM
 
 4
 Petitioner, Wayne C. Nutsch, relies upon the "reasonable reliance" defense to absolve himself of responsibility for the safety violation which resulted in the National Transportation Safety Board's ("Board") decision to suspend his airline transport pilot certificate for 30 days. An element of the reasonable reliance defense is that the duty being relied upon must be one that has been assigned to the co-pilot or other crew member. See, e.g., Administrator v. Coleman, 1 NTSB 229 (1968); Administrator v. Bass, NTSB Order No. EA 3507 (1992).
 
 
 5
 In Coleman, the Board absolved Coleman of all responsibility for his aircraft's deviation from air traffic control's assigned clearance because he reasonably relied on his co-pilot's representation as to the proper clearance. The Board concluded that Coleman had a right to rely upon his co-pilot "in view of the stipulated industry practice which called for the copilot to handle all radio communications." Id. at 230 (emphasis added). In Administrator v. Bass, NTSB Order No. EA-3507 (1992), the Board also made clear that the reasonable reliance defense applies only to assigned duties (Board declined to hold the pilot-in-command culpable for a violation of Federal Aviation Regulations caused by another individual whose performance "of assigned duties" he had no reason to question).
 
 
 6
 The Board's determination that it was Nutsch's responsibility as non-flying pilot to set the altitude alert, incorrectly set by Thomas Glista, the flying pilot, is supported by substantial evidence. See Throckmorton v. NTSB, 963 F.2d 441, 444 (D.C. Cir. 1992). Robert M. Barton, a former chief of flight operations for the Federal Aviation Administration's Hangar Six program, and Nutsch himself, testified that it was the standard practice in the Hangar Six program for the non-flying pilot to set the altitude alert. Joint Appendix ("JA") 120. Because Nutsch was pilot-in-command of a Hangar Six flight at the time of the safety violation with which he was charged and because he had not specifically delegated the duty to Glista, the standard practice applied. JA 43, 64-67, 124-25. Nutsch's testimony regarding two earlier incidents during the flight when Glista set the altitude alert demonstrates that Nutsch had not delegated this duty to Glista:
 
 
 7
 On two occasions in that flight, earlier in that flight when the work flow wasn't as heavy as it was at this point, I observed Mr. Glista set the altitude alerter, and I cautioned him and said, "This is a job for the pilot not flying." And I believe that he acknowledged that. He didn't set it incorrectly. It was just the fact that he was performing a duty of a pilot not flying, and I wanted to point that out to him, and I did so.
 
 
 8
 JA 125. The record thus amply supports the Board's finding that Nutsch was responsible for setting the altitude alert and was therefore responsible for the deviation from the clearance obtained from air traffic control.